**Dated: November 14, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 18-10272-JDL |
| CHRISTIAN LAVERY MARTIN, | ) | Ch. 11 |
| | ) | |
| Debtor. | ) | |

**ORDER FINDING DEBTOR IN CIVIL CONTEMPT
FOR FAILURE TO COMPLY WITH ORDER DISMISSING CASE;
AND DIRECTING ISSUANCE OF ARREST WARRANT**

On November 13, 2018, this matter came on for consideration upon the *Motion of the United States Trustee Requesting the Debtor to Appear and Show Cause Why He Should Not Be Held In Contempt for Failure to Comply With The Order Dismissing This Case* (the "Motion") [Doc. 91] and the *Response to Motion to Show Cause of the United States Trustee* filed by the Debtor, Christian Lavery Martin, on November 11, 2018 (the "Response") [Doc. 93].[1]  The Office of the United States Trustee appeared by its counsel,

---

[1] The Court notes that the Motion of the United States Trustee was filed on October 22, 2018, with a response time of fourteen (14) days which expired on November 6, 2018.  The Debtor's Response was not filed until 6:43 p.m. on Sunday, November 11, 2018.  Monday, November 12, 2018, was a federal holiday. The hearing on the Motion had been set for hearing, and was actually conducted, the following day, Tuesday November 13, 2018. The Court and the

Charles E. Snyder; the Court-Appointed Receiver, Stephen J. Moriarty, appeared in person, and the Debtor failed to appear in person or by his counsel of record. The Court thereupon heard the argument of counsel for the United States Trustee, reviewed the pleadings and the record in this case, including the Motion and Response, and pursuant to Fed.R.Bankr.P. 7052 and 9014 made and stated its Findings of Fact and Conclusions of Law on the record in open court, which such Findings of Fact and Conclusions of Law are incorporated in this Order as if fully set forth herein. Those Findings of Fact and Conclusions of Law included, but were not limited to, a finding by the Court by clear and convincing evidence the constituent elements necessary for a finding of contempt: (1) that a valid order of the court existed; (2) that the defendant had knowledge of the order; and (3) that the defendant disobeyed the order. *Reliance Insurance Co. v. Mast Construction. Co.,* 159 F.3d 1311, 1315 (10th Cir. 1998); *Federal Trade Commission v. Kuykendall*, 371 F.3d 745, 756-57 (10th Cir. 2004) (en banc); *Lucre Management Group, LLC v. Schempp Real Estate, LLC (In re Lucre Management Group, LLC)*, 365 F.3d 874, 875 (10th Cir. 2004).

There is no doubt that the Court's *Order Dismissing Case* entered on October 2, 2018, ordered what the Debtor was to do. [Doc. 83]. The Order provided, in pertinent part, that "the Debtor's case is dismissed conditioned upon payment of the approved fees of the

---

parties therefore had almost no time to evaluate the Debtor's Response. The Debtor's Response was filed five (5) days out of time and without leave of court as required by Fed.R.Bankr.P 9006. The Court could have, had it chosen to do so under the Fed.R.Bankr.P. and the Local Rules, stricken or otherwise not considered the Debtor's Response. The Court also could have disregarded the Response due to the failure of the Debtor or his counsel to appear and support the Response by evidence or argument. Given the seriousness of the issue of the imposition of contempt and potential sanctions, the Court did not strike the Response but gave it such probative weight to which it was entitled.

Examiner, and any outstanding quarterly disbursement fees, which should be paid no later than 14 days from the date of this order." There is further no question that the Debtor had knowledge of the Order and that he didn't pay the Examiner's fees as he admitted the same in the Response which he filed.

The Response asserts that the Debtor "cannot afford to pay the Examiner in this case" and that he be given additional time to pay the Examiner and/or be allowed to pay the Examiner in installments. Present impossibility to comply with an order is a defense to a contempt proceeding, and the alleged contemnor has the burden of production on this defense. *In re Aramark Sports and Entertainment Services, LLC*, 725 F.Supp.2d. 1309, 1316 (D. Utah 2010) (citing *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548 (1983)); *United States v. Ford,* 514 F.3d 1047, 1051 (10th Cir. 2008). "However, to prevail on this inability defense, the contemnor must establish by facts (and not just assertions) that he or she has made all reasonable and good faith efforts to comply with the order." *Aramark,* 725 F.Supp.2d. at 1316 (citing *CFTC v. Wellington*, 950 F.2d 1525, 1528 (11th Cir. 1992)). Though given the opportunity, neither the Debtor nor his counsel appeared to present evidence of, or even argue, inability to comply. Therefore, the Debtor did not sustain his burden of proof of the affirmative defense of inability to comply with the Order.

While bankruptcy courts do not have inherent civil contempt power, Congress has granted them civil contempt power by statute. The statutory authority derives from 11 U.S.C. § 105 and 28 U.S.C. § 157. See e.g., *Mountain America Credit Union v. Skinner (In re Skinner)*, 917 F.2d 444, 447 (10th Cir . 1990) ( bankruptcy courts have the power to "issue any order ... necessary or appropriate to carry out the provisions of this title ... [including] taking any action or making any determination necessary or appropriate to

enforce or implement court orders or rules, or to prevent an abuse of process ...."). A contempt sanction is considered civil if it is remedial and for the benefit of the complainant. *International Union, United Mine Workers of America v. Bagwell*, 512 U.S. 821, 827, 114 S.Ct. 2552 (1994); *O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.2d 1204, 1211 (10th Cir. 1992); *In re Gray*, 586 B.R. 347, 354 (Bankr. D. Kan. 2018).

A bankruptcy court may validly exercise its civil contempt power to order coercive incarceration sanctions so long as three conditions are satisfied. First, the contemnor must always be able to purge the contempt through compliance. See *Hicks ex rel. Feiock*, 485 U.S. 624, 649, 108 S.Ct.1423 (1988) (finding respondent "carries something even better than the 'keys to the prison' in his own pocket: as long as he meets the conditions of his informal probation, he will never enter the jail"). Second, civil contempt sanctions imposed to coerce compliance with a court order "'cannot be any greater than necessary to ensure such compliance' and may not be so excessive as to be punitive in nature." *Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297,1304 (11th Cir.1991). Finally, the contemnor's incarceration must remain coercive: "[W]hen civil contempt sanctions lose their coercive effect, they become punitive and violate the contemner's due process rights."

Accordingly,

**IT IS ORDERED** that the Debtor, Christian Lavery Martin, is hereby found by the Court to be in civil contempt for refusing to comply with the Court's order to pay the Court-Appointed Examiner's fee in the amount of $7,960.00 and all outstanding quarterly disbursement fees in accordance with the *Order Dismissing Case* entered on October 2, 2018;

**IT IS FURTHER ORDERED** that an Arrest Order shall be issued by the Court

directing the United States Marshal, or other authority authorized by law, to arrest Christian Lavery Martin and to forthwith bring him before the above named Bankruptcy Judge for the imposition of such sanctions as it deems appropriate to ensure compliance with its Orders, including the sanction of incarceration.

# # #